UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

CSX Transportation, Inc.,

                Plaintiff,                Civil No.:

v.

Steelways Holding Group, Inc., Steelways, Inc.,
Kiewit-Shea Constructors, AJV, Kiewit Constructors, Inc.
Kiewit Construction Company and United Rentals, Inc.,

                Defendants.

---

## COMPLAINT

Plaintiff CSX Transportation, Inc. hereby alleges, upon information and belief, as and for its Complaint against the Defendants Steelways Holding Group, Inc., Steelways, Inc., Kiewit-Shea Constructors, AJV, Kiewit Constructors, Inc., Kiewit Construction Company and United Rental, Inc. the following:

### PARTIES

1.     CSX Transportation, Inc. is a corporation incorporated pursuant to the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida.

2.     Steelways Holding Group, Inc. is a foreign business corporation that is incorporated under the laws of the State of Delaware with its principal place of business in Newburgh, New York.

3.     Steelways, Inc. is a domestic business corporation that is incorporated in the State of New York and has a principal place of business in the State of New York.[1]

---

[1]     Steelways Holding Group, Inc. and Steelways, Inc. are hereinafter collectively referred to as "Steelways".

-2-

4. Kiewit-Shea Constructors, AJV is a foreign business corporation that is incorporated under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska.

5. Kiewit Constructors, Inc. is a foreign business corporation that is incorporated under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska.

6. Kiewit Construction Company is a foreign business corporation that is incorporated under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska. [2]

7. United Rentals, Inc. is a foreign business corporation that is incorporated under the laws of the State of Delaware with its principal place of business in the State of Connecticut.

8. Upon information and belief, all the above-named Defendants transact and/or conduct business within and through the State of New York.

## JURISDICTION

9. Jurisdiction in this matter is based upon 28 U.S.C. §§ 1137 and 1332(a), inasmuch as there is complete diversity of citizenship between the Plaintiff and Defendants and because there exists an amount in controversy in excess of $75,000.00.

## VENUE

10. Venue properly lies in this Judicial District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the causes of action set forth in this Complaint occurred within this Judicial District.

---

[2] Kiewit-Shea Constructors, AJV , Kiewit Constructors, Inc. and Kiewit Construction Company are hereinafter collectively referred to as "Kiewit".

## PREDICATE FACTS

11.     On March 7, 2017, the Railroad Crossing known as Steelways Crossing was a public railroad crossing identified on the Federal Railroad Administration Inventory as Crossing No. 507133W.

12.     Parallel to the railroad tracks at Steelways Crossing was a public street known as Rivers Road and/or South Water Street.[3]

13.     On or about March 7, 2017, at 3:11 p.m., a Train identified as Q40907 consisting of three locomotives owned by Plaintiff CSX Transportation, Inc. marked CSX5281, CSX4082 and CSX 7167 and pulling seventy-seven (77) rail cars [38 loaded cars and 39 empty cars] was travelling southbound from Selkirk, New York to North Bergen, New Jersey.

14.     At that time and place said Train was being operated by employees of the Plaintiff CSX Transportation, Inc.

15.     On and prior to March 7, 2017, United Rentals, Inc. owned a Genie Boomtruck Model No.: Z-135-70, which had Serial No. Z13509-1078 (hereinafter "Boomtruck").

16.     On and prior to March 7, 2107, said Boomtruck was leased and/or rented by United Rentals, Inc. to Defendant Kiewit pursuant to a written Contract or Agreement.

17.     On and prior to March 7, 2107, Defendant Kiewit loaned said Boomtruck to Defendant Steelways.

18.     On and prior to March 7, 2107, Defendant Kiewit permitted Defendant Steelways to use and operate said Boomtruck with Kiewet's knowledge and consent, inter alia, in performing the Steelways Contract with Kiewit.

---

[3]     The name of the street changes when traveling from Newburgh to New Windsor.

19.     On and prior to March 7, 2107, Defendants Kiewit and Steelways, upon information and belief, entered into a Contract whereby Steelways would unload large metal pipes off of barges on the Hudson River, clean the large metal pipes and transport the metal pipes by Boomtruck over the railroad tracks at the Steelways Crossing and over the public River Road/South Water Street and then store said large metal pipes on real property owned by Steelways.

20.     On March 7, 2017 at or about 3:11 p.m., at the Steelways' Crossing, Locomotive CSX 5281 came in contact with Boomtruck Z13509-1078.

21.     Said contact was caused solely and wholly by the negligence, carelessness and recklessness of the Defendants and their agents, servants and employees.

22.     Said contact occurred without any negligence on the part of the Plaintiff.

23.     As a result of the contact, the three (3) locomotives referred to above and over approximately twenty (20) railroad cars derailed.

24.     As a result of the contact, train locomotives, railroad cars, tracks, signals, crossing gates, machinery, real property, and personal property, inter alia, owned by the Plaintiff were damaged and/or destroyed.

25.     As a result of the contact over twenty (20) rail cars that Plaintiff was required to transport were damaged and/or destroyed.

26.     Plaintiff, as a result of the contact, suffered delay costs, loss of business, loss of income, damage to real property, damage to personal property and other consequential damages.

27.     CSX Transportation, Inc. further suffered damages necessitated by the replacement, repair, etc. of the real and personal property damaged as a result of the contact.

28. As a result of the contact, at least five (5) CSX Transportation, Inc. employees claim to have suffered personal injuries, thereby exposing the Plaintiff to claims for damages under the Federal Employers' Liability Act ("FELA").

29. As a result of the contact, businesses in the area of the River Road Rail Crossing and municipal and governmental agencies have claimed damages, asserted claims or have indicated the intention to assert claims against the Plaintiff.

30. The damages suffered by Plaintiff are in excess of Seventy-Five Thousand ($75,000).

### FIRST CAUSE OF ACTION
### (United, Kiewit and Steelways)

31. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs "1" though "30" without the necessity of repeating same herein.

32. Defendants Kiewit, Steelways and United owed a duty of care to operate the Boomtruck in a reasonable and safe manner.

33. At all relevant times hereto, Defendants had a duty to maintain its equipment in a safe and prudent manner.

34. At all relevant times hereto, Defendants had a duty to prevent foreseeable harm to other persons and/or property caused by the condition of and the manner of operation of the Boomtruck and the manner the Defendants operated at or near the site of the accident.

35. At all relevant times hereto, Defendants had a duty to conduct their operations in and about the Steelways' Crossing in a good, safe and proper manner.

36. Upon information and belief, at all times relevant hereto the operator of the Boomtruck was Shannon T. Victor.

37. At all times relevant hereto, Shannon T. Victor was an employee of Defendant Steelways.

38. At all times relevant hereto, Shannon T. Victor, though an employee of Defendant Steelways, additionally took instructions and directions from employees of Defendant Kiewit.

39. As a result of the negligence, carelessness and recklessness of the Defendants, Plaintiff has suffered damages in excess of $75,000.00 that were foreseeable consequences of the negligent of the Defendants and their employees, agents or servants in operating the Boomtruck and performing and managing their operations at the site.

### SECOND CAUSE OF ACTION
### (Kiewit and Steelways)

40. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs "1" though "39" without the necessity of repeating same herein.

41. The Defendants Steelways and Kiewit had the duty to properly train, instruct and direct their employees and/or agents, including Shannon T. Victor, in the manner in which they were to perform their work and operations at the Steelways Facilities.

42. That Defendants Steelways and Kiewit were negligent in the training, instruction and directions given to Shannon T. Victor.

43. That Shannon T. Victor was not properly trained and instructed by Kiewit and Steelways to properly operate the Boomtruck in a reasonable and safe manner over the Steelways' Crossing.

44. Defendants Steelways and Kiewit by and through their employee and agent Shannon T. Victor violated the laws of the State of New York.

45.     Such conduct manifested a clear disregard for public safety, a disregard for the substantial risk of injury, and a lack of concern for whether an injury or damage would result.

46.     By reason of the acts, actions and failure to act set forth above, Plaintiff has been damaged in the manner described above.

### THIRD CAUSE OF ACTION
### (Kiewit and Steelways)

47.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs "1" though "46" without the necessity of repeating same herein.

48.     The Defendants Steelways and Kiewit had the duty and responsibility to properly supervise the work and operations at the Steelways Facilities including any work performed at or near the Steelways Crossing.

49.     That Defendants Steelways and Kiewit were negligent by failing to properly plan and supervise the work and operation at their facility, including any work performed at or near the Steelways Crossing.

50.     That Defendants' failure to properly supervise its operations manifested a clear disregard for public safety, a disregard of the substantial risk of injury, and a lack of concern for whether an injury or damage would result.

51.     By reason of the acts, actions and failure to act set forth above, Plaintiff has been damaged in the manner described above.

### FOURTH CAUSE OF ACTION
### (United and Kiewit)

52.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs "1" though "51" without the necessity of repeating same herein.

53. The Defendant United Rentals, Inc. provided by lease or rental the Boomtruck involved to Kiewit.

54. The Defendant Kiewit provided the Boomtruck to Steelways for its use in performing and/or complying with its Contract Kiewit.

55. Prior to 3:11 p.m. on March 7, 2017, the Defendants United Rentals, Inc. and Kiewit knew the purpose that Shannon T. Victor was to use the Boomtruck.

56. At the time of the incident herein, the Defendants warranted that the Boomtruck was merchantable and fit for the particular purpose intended.

57. The Boomtruck was not merchantable and fit for the purpose of being operated over grade crossings.

58. By reason of said breach of warranties, the Plaintiff was damaged in the manner alleged above.

### FIFTH CAUSE OF ACTION IN THE ALTERNATIVE
**(Kiewit and Steelways)**

59. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs "1" though "58" without the necessity of repeating same herein.

60. At all relevant times and/or prior to March 7, 2017, Defendants Steelways and Kiewit had the exclusive control of the Boomtruck and the manner of the operations at the Steelways Facilities in the area of the Steelways Crossing.

61. This accident would not have occurred but for the negligence of Defendants in the use, maintenance, operation and control of Boomtruck, the Steelways property in the area of the Steelways Crossing, the use of this particular Boomtruck and type of Boomtruck that was utilized by the Defendants.

62. Plaintiff damages were caused by the negligence of the Defendants that can be referred to and/or assumed under the doctrine of res ipsa loquitor.

63. That the instrumentality, property and operation that caused the contact and resultant damages were exclusively in the control of the Defendants, and as this type of accident does not ordinarily occur in the absence of carelessness, recklessness or negligence, Defendants Kiewit and Steelways are liable to Plaintiff under the doctrine of res ipsa loquitor.

64. By reason of same Plaintiff has been damaged.

WHEREFORE, the Plaintiff CSX Transportation, Inc. demands judgment against the Defendants Steelways Holding Group, Inc., Steelways, Inc., Kiewit-Shea Constructors, AJV, Kiewit Constructors, Inc., Kiewit Construction Company and United Rental, Inc. for the relief and damages set forth herein and interest from March 7, 2017 and that the Court grant CSX Transportation, Inc. such other and further relief as may be just, equitable and proper.

Dated: White Plains, New York
       August 11, 2017

                       Yours, etc.,

                       ECKERT SEAMANS CHERIN & MELLOTT, LLC

                       By: *Lawrence R. Bailey, Jr.*
                           Lawrence R. Bailey, Jr. (LRB-3267)
                           10 Bank Street, Suite 700
                           New York, New York 10606
                           Tel. No.: 914-286-2805
                           *Attorneys for Plaintiff CSX Transportation, Inc.*

## JURY DEMAND

Plaintiff hereby demands a trial by a jury.

Dated: White Plains, New York
August 11, 2017

                                     Yours, etc.,

                                       ECKERT SEAMANS CHERIN & MELLOTT, LLC

                                       By: *Lawrence R. Bailey, Jr.*
                                            Lawrence R. Bailey, Jr. (LRB-3267)
                                            10 Bank Street, Suite 700
                                            New York, New York 10606
                                            Tel. No.: 914-286-2805
                                            *Attorneys for Plaintiff CSX Transportation, Inc.*